**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECONSIDERATION** |
| vs. | ) | |
| | ) | |
| Candace Village Center, | ) | Case No. 1:22-cr-093 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with three offenses: (1) assaulting and resisting a federal officer in violation of 18 U.S.C. § 111(a)(1); (2) domestic assault by a habitual offender in violation of 18 U.S.C. § 117(a)(1); and (3) assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). (Doc. No. 1). She made her initial appearance and was arraignment on August 18, 2022. (Doc. No. 5). On motion by the United States, she was remanded into Marshals Service custody pending a detention hearing on August 23, 2022. (Doc. No. 8).

Following a detention hearing on August 23, 2022, the court ordered Defendant detained pending a placement in a residential reentry facility as she did not have any other viable or verifiable release options. (Doc. No. 18).

On October 6, 2022, Defendant filed a "Motion for Reconsideration of Order of Detention." (Doc. No. 23). Defendant requests to be released to Hope's Landing, a sober living facility located in Dickinson, North Dakota. She emphasizes that Hope's Landing requires its residents to submit to random substance abuse testing and attend AA/NA meetings.

On October 12, 2022, the United States filed a response to Defendant's motion. (Doc. No. 24). It advises that does not object to the placement of Defendant at Hope's Landing provided that

she first successfully completes an inpatient treatment program.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Consequently, "to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained." United States v. Rolenc, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *5 (D. Minn. Jan. 21, 2021).

Defendant has provided the court with information unavailable at the time of her detention hearing, i.e., her eligibility for a placement at Hope's Landing. However, the availability of such a placement for Defendant does not have material bearing on the issue of detention.

The court previously determined that the only viable release option for Defendant was a placement in a residential reentry facility. As there was no space immediately available for her at a residential reentry facility, the court placed her on a waiting list and ordered her detained in the interim. Hope's Landing is not a treatment provider and does have the same oversight and structure as a residential facility. It's requirement that its residents join a support group and submit to substance abuse testing, while admirable, is not tantamount to a treatment program.

Given Defendant's criminal history and struggles with substance abuse as well as the nature of her charged offenses, the court is not persuaded that a placement at Hope's Landing will provide the structure, security, and supervision that she requires. Consequently, the court finds that a

placement at Hope's Landing will not reasonably ensure the community's safety and defendant's presence at future proceedings.

Accordingly, the court **DENIES** Defendant's motion for reconsideration of its detention order (Doc. No. 23). Should Defendant secure placement in a reputable inpatient treatment program, she can renew her motion.

**IT IS SO ORDERED.**

Dated this 13th day of October, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court